UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA ANN HEATON,<br><br>    Petitioner,<br><br> v.<br><br>ANDREW SAUL, Commissioner of Social Security Administration,<br><br>    Respondent. | Case No. 4:19-CV-00196-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Rebecca Ann Heaton's Petition for Review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits, filed on May 30, 2019. (Dkt. 1.) The Court has reviewed the Petition, the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the ALJ's decision and dismiss the petition.[1]

## PROCEDURAL AND FACTUAL HISTORY

On July 4, 2015, Petitioner filed an application for Title II Disability Insurance

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is the named Respondent. 42 U.S.C. § 405(g).

Benefits, alleging disability beginning on September 15, 2014. At the time of the alleged disability onset date, Petitioner was 32 years of age. She has a high school education with prior work experience as a court clerk and auto supplies sales person. (AR 36.) Petitioner claims she is unable to work due to hand/arm problems and mental impairments. Petitioner has undergone multiple surgical procedures and other treatments for bilateral carpal tunnel syndrome and cubital tunnel syndrome but reports ongoing symptoms and limitations with her hands and arms including pain and weakness. Petitioner has been diagnosed with major depressive disorder and generalized anxiety disorder for which she has received treatment but complains of continuing symptoms including understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself.

Petitioner's application was denied initially and on reconsideration. A hearing was conducted on January 11, 2018, before Administrative Law Judge (ALJ) Tanya Dvarishkis. After hearing testimony from Petitioner and vocational expert Kent Granat, the ALJ issued an unfavorable decision finding Petitioner not disabled on April 24, 2018. (AR 23-38.) Petitioner's request for review by the Appeals Council was denied on April 2, 2019, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision under 42 U.S.C. § 405(g). Petitioner challenges: 1) whether the ALJ was constitutionally appointed; and 2) whether the ALJ properly considered the opinion evidence and the RFC determination is supported by substantial evidence.

**MEMORANDUM DECISION AND ORDER - 2**

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 3**

## ISSUES PRESENTED[2]

Petitioner raises the following issues as grounds for reversal and remand:

1. Whether the ALJ was constitutionally appointed at the time of the decision in this case.

2. Whether the ALJ properly considered the opinion evidence and the RFC determination is supported by substantial evidence.

## DISCUSSION

**1. Petitioner Forfeited the Appointments Clause Claim.**

Petitioner argues this case should be remanded to the Commissioner for a new hearing, because the ALJ who issued the unfavorable decision on Petitioner's application was not appointed in accordance with the Appointments Clause of the United States Constitution. Petitioner's argument relies on the United States Supreme Court's decision in *Lucia v. SEC*, 138 S.Ct. 2044 (2018). (Dkt. 14, 17.) The Respondent contends the Petitioner forfeited this claim by failing to raise it at any point during the administrative process. (Dkt. 16.)

**A. Legal Standard**

In *Lucia*, the Supreme Court held that ALJs of the Securities and Exchange Commission (SEC) are subject to the Appointments Clause in Article II of the United States Constitution and therefore must be appointed by the President, a court of law, or a head of department. *Id.* at 2055 (concluding the SEC's practice of using staff to select and hire ALJs was unconstitutional). The remedy for "'one who makes a timely challenge

---

[2] The Court addresses the Appointments Clause issue first to resolve the question raised about the ALJ's authority to decide Petitioner's claim.

to the constitutional validity of the appointment of an officer who adjudicates his [or her] case,'" is a new hearing before an ALJ who was constitutionally appointed. *Id.* (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)).

Although the Ninth Circuit has not addressed whether *Lucia* applies in the context of Social Security Administration (SSA) ALJs, it appears likely that it does apply. *See* Exec. Order No. 13843, 83 Fed. Reg. 32755 (July 13, 2018) (Executive order issued in response to *Lucia* concluded that "at least some - and perhaps all - ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause."). On July 16, 2018, the Acting Commissioner of Social Security ratified the appointment of SSA ALJs and approved their appointments as their own. *See* Social Security Ruling ("SSR") 19–1p, 84 Fed. Reg. 9582-02, 2019 WL 1202036 (Mar. 15, 2019). The SSA also issued SSR 19-lp, effective March 15, 2019, to provide guidance for challenges to a SSA ALJ's authority. *Id.*

Courts in the Ninth Circuit who have addressed Appointments Clause challenges to SSA ALJs "have held that if a claimant does not present an issue during administrative proceedings, the issue is forfeited for purposes of federal court review." *Dierker v. Berryhill*, No. 18-cv-145-CAB(MSB), 2019 WL 246429, at *3 (S.D. Cal. Jan. 16, 2019) (citing *Samuel F. v. Berryhill*, Case No. CV 17-7068-JPR, 2018 WL 5984187, at *2 n.6 (C.D. Cal. Nov. 14, 2018) ("To the extent *Lucia* applies to [SSA] ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings."); *Robert W.P. v. Comm'r Soc. Sec. Admin.*, 3:19-cv-01209-BR, 2020 WL 5026843, at *6 (D.Or.

**MEMORANDUM DECISION AND ORDER - 5**

Aug. 25, 2020); *Stacy V. v. Comm'r Soc. Sec. Admin.*, No. 3:19-cv-05899-JRC, 2020 WL 5240200, at *2 (W.D. Wash. May 19, 2020); *Salmeron v. Berryhill*, Case No. CV 17-3927-JPR, 2018 WL 4998107, at *3 n.5 (C.D. Cal. Oct. 15, 2018) (same).

The Court has also reviewed decisions from other circuits addressing the impact of *Lucia* in the context of SSA ALJs. The Eighth and Tenth Circuits have held that a failure to exhaust Appointments Clause challenges before the Social Security Administration results in a waiver of such a challenge. *Davis v. Comm'r Soc. Sec. Admin.*, 963 F.3d 790 (8th Cir. 2020); *Carr v. Comm'r Soc. Sec. Admin.*, 961 F.3d 1267 (10th Cir. 2020). The Third and Sixth Circuits have concluded the opposite. *Cirko v. Comm'r Soc. Sec. Admin.*, 948 F.3d 148 (3rd Cir. 2020); *Ramsey v. Comm'r Soc. Sec. Admin.*, 973 F.3d 537 (6th Cir. 2020). This Court agrees with and follows the reasoning of the other district courts in the Ninth Circuit and those of *Davis* and *Carr* in concluding that an Appointment's Clause challenge raised for the first time on appeal to the district court is forfeited as untimely.

"Appointments Clause challenges are nonjurisdictional and may be waived or forfeited." *Dierker*, 2019 WL 246429, at *3; *Stacy V.*, 2020 WL 5240220, at 2. In the Ninth Circuit, a claimant "must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (recognizing the limitation of *Sims v. Apfel*, 530 U.S. 103, 111-12 (2000) and concluding *Meanel* "remains binding on this court with respect to proceedings before an ALJ."). For the reasons that

**MEMORANDUM DECISION AND ORDER - 6**

follow, the Court finds Petitioner has waived her Appointments Clause claim by failing to raise it during the administrative proceedings.

### B. Analysis

Petitioner did not raise the Appointments Clause challenge during administrative proceedings before either the ALJ or the Appeals Council, and has raised it now for the first time to this Court. Petitioner's failure to timely raise the Appointments Clause challenge forfeits the claim. *See Luther v. Berryhill*, No. 17-cv-06479-RMI, 2019 WL 1367524, at *5 (N.D. Cal. March 26, 2019) (citing cases). Petitioner maintains the issue was timely raised at the earliest opportunity and is not precluded by any issue exhaustion requirement or efficiency concerns. (Dkt. 14, 17.) The Court disagrees.

This civil action is not Petitioner's first opportunity to raise her Appointments Clause claim. *See Younger v. Comm'r Soc. Sec. Admin.*, No. CV-18-02975-PHX-MHB, 2020 WL 57814, at *5 (D.AZ Jan. 6, 2020). Despite the fact that the *Lucia* case was decided after the ALJ issued her decision, Petitioner's Appointment's Clause claim existed and could have been raised to the ALJ. *Id.* at *5 n. 3. "Various SSA regulations allowed for [Petitioner] to raise her claim and contemplate constitutional claims…[This] is simply [Petitioner's] first opportunity to use *Lucia* to bolster her argument." *Id.* (citing 20 C.F.R. §§ 404.924, 404.939, 404.946(b), and 404.950).

Moreover, Petitioner could have raised her Appointments Clause challenge to the Appeals Council. *Lucia* was decided on June 21, 2018, before the Appeals Council issued its denial of Petitioner's request for review on April 2, 2019. (AR 6.) Further, the

**MEMORANDUM DECISION AND ORDER - 7**

Commissioner ratified the appointment of SSA ALJs on July 16, 2018, and SSR 19-1p went into effect before Petitioner's request for review was denied. Petitioner therefore could have raised her challenge to the ALJ's appointment after the *Lucia* decision and before the Appeals Council's denial, giving the SSA an opportunity to remedy any issue with the ALJ's appointment. Consequently, Petitioner has forfeited her Appointment Clause claim. The Petition will be dismissed on this issue.

**2.     The ALJ Properly Weighed the Opinion Evidence and the RFC is Supported by Substantial Evidence.**

Petitioner argues the ALJ failed to properly weigh the opinion of her treating physician, Vermon S. Esplin, and reconcile the other evidence in the record, resulting in an RFC that is not supported by substantial evidence. (Dkt. 14, 17.)

### A.     Legal Standards

Residual functional capacity (RFC) is the most a person can do, despite their physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *See* SSR 96–8p; 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe. SSR 96–8p.

In making the RFC determination, an ALJ is required to evaluate every medical opinion in the record and assign a weight to each. 20 C.F.R. § 404.1527(c). In general, opinions of treating sources are entitled to the greatest weight; opinions of examining, non-treating sources are entitled to lesser weight; and opinions of non-examining, non-treating sources are entitled to the least weight. *Garrison*, 759 F.3d at 1012. In evaluating a medical opinion, the ALJ considers: (1) whether the source examined the claimant; (2) the length, frequency, nature, and extent of any treatment relationship; (3) the degree of support the opinion has, particularly from objective medical evidence; (4) the consistency of the opinion with the record as a whole; (5) the source's specialization; and (6) "other factors." 20 C.F.R. § 404.1527(c); *Trevizo*, 871 F.3d at 675; *Orn*, 495 F.3d at 631-32.[3]

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quotation omitted). Where the opinion of a treating or examining physician is contradicted, the ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record" for rejecting the opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *see also Garrison*, 759 F.3d at 1012. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his [or her] interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at

---

[3] The opinion evidence is evaluated pursuant to 20 C.F.R. § 404.1527 where, as here, Petitioner's claim was filed before March 27, 2017.

**MEMORANDUM DECISION AND ORDER - 9**

1012 (citation omitted). An ALJ errs by rejecting "a medical opinion or assigns it little weight" without explanation or without explaining why "another medical opinion is more persuasive, or criticiz[es] it with boilerplate language that fails to offer a substantive basis for his or her] conclusion." *Garrison*, 759 F.3d at 1012–13.

### B. Dr. Esplin's Opinion

Dr. Esplin treated Petitioner from 2014 to 2017. Between June and December of 2014, Dr. Esplin performed multiple bilateral carpal tunnel and cubital tunnel surgeries on Petitioner's arms and hands, as well as other procedures. The record contains extensive treatment and examination notes from Dr. Esplin where he opined regarding Petitioner's ability to work and work restrictions.

Dr. Esplin's work restrictions for Petitioner increased progressively over the course of his treatment. On July 9, 2015, Dr. Esplin concluded Petitioner was permanently restricted to working four hours per day; lifting a maximum of five to ten pounds; limited to repetitive lifting or carrying no more than five pounds, two times per hour; and had restricted use of both hands for repetitive grasping, pinching, and twisting. (AR 459, 461.) Dr. Esplin reiterated these permanent restrictions through December 2017. (AR 723.) The ALJ gave Dr. Esplin's opinions regarding Petitioner's work restrictions little weight, stating:

> These opinions are given little weight because they are not consistent with the claimant's functional capacity evaluation and are not supported by the nearly normal electrodiagnostic testing and frequent normal physical examinations. Her pain was managed with medication, but she had some ongoing swelling and weakness. Additionally, with respect to opinions as to

> whether the claimant can work or not 20 CFR 404.1527(d) and 416.927(d) state that opinions as to whether the claimant is disabled or unable to work are by their nature administrative findings and as such reserved for the Commissioner.

(AR 32.)

Petitioner argues the ALJ erred in assigning little weight to Dr. Esplin's opinion. (Dkt. 14.) Respondent maintains the ALJ correctly weighed Dr. Esplin's opinion. (Dkt. 16.) The Court finds the ALJ properly evaluated Dr. Esplin's opinion.

The ALJ considered the relevant factors listed in 20 C.F.R. § 404.1527(c) to determine the weight to give to Dr. Esplin's opinions. *Orn*, 495 F.3d at 631-32; *see* 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ recognized Dr. Esplin as Petitioner's treating physician and accurately detailed the records documenting the length, frequency, nature, and extent of the treatment relationship. (AR 29-32.) Further, the ALJ addressed the supportability and consistency of Dr. Esplin's opinion with the other objective medical evidence and the record as a whole, concluding Dr. Esplin's opinion was inconsistent with the functional capacity evaluation (FCE), and was not supported by the Petitioner's nearly normal electrodiagnostic testing and frequent normal physical examinations. (AR 32.) In doing so, the ALJ articulated specific and legitimate reasons for assigning little weight to Dr. Esplin's opinion.

Petitioner contends, however, that the ALJ erred by mischaracterizing the findings in the FCE and failing to reconcile the portions of the FCE that support Dr. Esplin's opinion. (Dkt. 14.) The Court disagrees.

**MEMORANDUM DECISION AND ORDER - 11**

The August 2015 FCE concluded Petitioner had some hand and arm limitations but that Petitioner met the physical requirements for sedentary work with no additional listed restrictions beyond the definition of that classification. (AR 533-534.) Importantly, the FCE reported discrepancies between Petitioner's perceived function and performance with regard to pain and sensation and that the testing reliability measures showed a marginal sincerity of effort, which the ALJ found was consistent with other records and given significant weight. (AR 31.)[4]

In contrast, despite recognizing that it was "hard to explain" Petitioner's persistent symptom reports given the mostly normal electromyogram (EMG) and nerve conduction studies of Petitioner's hands and arms, Dr. Esplin opined that Petitioner's impairments warranted permanent work restrictions effectively rendering her disabled. (AR 459, 693, 702, 723.) The ALJ's conclusion that Dr. Esplin's opinion is inconsistent with the FCE is, therefore, supported by substantial evidence.

Petitioner maintains the AJL erred by not discussing findings contained in the FCE that support Dr. Esplin's opinions. The Court finds otherwise.

---

[4] Petitioner has not raised the FCE's findings regarding the reliability of her effort during testing or her symptom reports as an issue on review. Instead, Petitioner argues in her reply brief that the inconsistency between the effort given during the FCE testing and Dr. Esplin's opinions is explained by Petitioner's testimony regarding fatigue and pain tolerance. (Dkt. 17.) The Court does not consider arguments raised for the first time in a reply brief. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 878 n. 4 (9th Cir .2010); *U.S. ex. rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1199 n. 1 (9th Cir. 2009) (arguments raised on appeal for the first time in a reply brief are waived); *Daulton v. Astrue*, 2:10–cv–443–REB, 2011 WL 4526745 *4 n. 3 (D. Idaho Sept.28, 2011) (refusing to consider arguments not raised in the petitioner's original briefing). The Court, therefore, will not address Petitioner's belated arguments concerning the assessments of Petitioner's symptom reports or reliability of effort during testing.

The ALJ assigned significant weight to the August 2015 FCE because it was based objective testing that contained validity scales; was consistent with Petitioner's treatment records, despite the finding of marginal effort; and consistent with records from the Petitioner's later physical therapy. (AR 31.)

Substantial evidence supports the ALJ's evaluation of the FCE's findings concerning the reliability of Petitioner's sincerity of effort during testing and conclusion that Petitioner met the requirements for sedentary work is supported by substantial evidence. (AR 31-33.) While some of the test results reported in the FCE show Petitioner had some decreased active range of motion and finger strength, which arguably could support Dr. Esplin's opinion, other tests showed Petitioner was able to perform the fine motor dexterity testing and to demonstrate forward reach and sitting tolerance. (AR 531, 533, 532.) Moreover, many of the electrodiagnostic evaluations of Petitioner's motor and sensory responses and physical examinations of her hands and arms contained in the record were normal or showed only mild limitations. (AR 459, 467, 529-534, 695, 706.) Other treatment records and physical therapy notes also support the FCE's evaluation and the ALJ's RFC determination that Petitioner retained the ability to work at a sedentary level.

Petitioner does not contest the normal tests and exams in the record but, instead, disagrees with the ALJ's evaluation of the evidence and argues the ALJ should have considered different portions of the record. The presence of other evidence in the record that may support a different outcome does not, however, warrant reversal.

**MEMORANDUM DECISION AND ORDER - 13**

The ALJ is charged with resolving conflicts in the evidence, and her findings must be upheld if supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Batson*, 359 F.3d at 1193 (Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision.). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. *See Lewis*, 236 F.3d at 509.

"[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). An ALJ must discuss significant and probative evidence that is contrary to the ALJ's findings and explain why it has been rejected. *See Robbins*, 466 F.3d at 883; *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). The ALJ did so here.

The ALJ considered the full record before assigning Dr. Esplin's opinion little weight. The ALJ's decision accurately and thoroughly set forth the numerous EMG test results and evaluations of Petitioner's hands, wrists, and arms, many of which were normal or showed only mild symptoms. (AR 27-33.) Petitioner underwent multiple rounds of electrodiagnostic testing to evaluate her motor and sensory responses with normal results. (AR 467, 695, 706.) The ALJ discussed the tests and exams with normal findings as well as the results of other evaluations in the record indicating Petitioner had

weakness, pain, and other limitations in her hands and arms. (AR 30-32.) In particular, the ALJ carefully detailed Dr. Esplin's records and opinion. (AR 30-32.)

Based on the foregoing, the Court finds the ALJ properly considered and discussed the relevant evidence in the record and articulated specific and legitimate reasons for discounting Dr. Esplin's opinion. Namely, that Dr. Esplin's opinion was inconsistent with the FCE and the records of Petitioner's nearly normal electrodiagnostic test results and frequent normal examinations relating to her hands and arms. (AR 32.) The ALJ's evaluation of the record and Dr. Esplin's opinion are supported by substantial evidence in the record and will, therefore, be upheld. (AR 466, 693, 700, 702, 705-706.)

### C.     The RFC is Supported by Substantial Evidence

At steps two and three, the ALJ concluded Petitioner had severe impairments of carpal tunnel syndrome, cubital tunnel syndrome, ulnar neuropathy, depression, and anxiety but that the severity of her impairments, considered singularly and in combination, do not meet or medically equal one of the listed impairments. (AR 25.)

The ALJ determined Petitioner retained the medical RFC to perform sedentary work as defined in the regulations, except she can stand/walk for up to eight hours total in an eight hour workday. (AR 27.) Petitioner is limited to no more than frequently operating hand controls with the bilateral upper extremities, only occasional reaching overhead, and frequent reaching in front and laterally with the bilateral upper extremities. She can frequently handle, finger, and feel with the bilateral upper extremities. Petitioner can never climb ladders, ropes, or scaffolds, never crawl, and can have no exposure to,

**MEMORANDUM DECISION AND ORDER - 15**

and should avoid, unprotected heights, moving mechanical parts, and other workplace hazards. She can only occasionally operate a motor vehicle as part of the job duties and is limited to occasional exposure to weather, extreme cold, and vibration. (AR 27.)[5]

The ALJ recognized Petitioner has "some limitations using her upper extremities, but she had essentially normal electrodiagnostic testing and her pain is managed with medication." (AR 33.) The ALJ concluded that "the medical evidence as a whole does support limitations to the sedentary exertional level." (AR 33.)

In making the RFC determination, the ALJ considered all of Petitioner's symptoms, the objective medical evidence, opinion evidence, and other relevant evidence in the record. The ALJ evaluated Petitioner's own statements and found Petitioner's impairments could reasonably be expected to cause the alleged symptoms, but that Petitioner's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 27-28.)

The ALJ discussed the evidence concerning each of Petitioner's impairments and considered the records, claimant statements, third-party reports, and opinions of treating physicians Vermon Esplin and Mark Rencher; evaluating physician David C. Simon; evaluating vocational specialist Delyn D. Porter; evaluating physical therapist Briggs

---

[5] The RFC also includes mental restrictions limiting Petitioner to low stress work with only simple understanding, remembering, and carrying out routine tasks in a job requiring no more than simple work related decisions, and having no more than occasional changes in a routine work setting and job duties. She is limited to only brief and superficial contact with coworkers and the public. (AR 27.) Petitioner has not challenged the mental RFC determination on review.

**MEMORANDUM DECISION AND ORDER - 16**

Horman; consulting examining psychologist Alan Zohner; and the state agency medical consultants. (AR 27-33.)

The RFC assessment includes limitations appropriate to address Petitioner's impairments that are supported by substantial evidence. In particular, with regard to the bilateral use of her upper extremities, which Petitioner has challenged here, the RFC limits Petitioner to not more than frequently operating hand controls, reaching, handling, fingering, and feeling. The ALJ recognized Petitioner has "some limitations using her upper extremities, but she had essentially normal electrodiagnostic testing and her pain is managed with medication." (AR 33.) Notably, the RFC determination that Petitioner retains the ability to perform sedentary work with some external restrictions is consistent with the findings in the August 2015 FCE. For these reasons, the Court finds the ALJ formulated an RFC with limitations that are supported by substantial evidence the record.

### D.     Conclusion

Viewing the record as a whole, the Court finds the ALJ appropriately weighed and considered the medical evidence in the record, specifically the opinion of Dr. Esplin, and that substantial evidence supports the RFC assessment. *Orn*, 495 F.3d at 630. The ALJ discussed and considered the objective medical evidence, opinion evidence, and Petitioner's statements; appropriately weighed the evidence; and, explained the RFC determination, which is supported by substantial evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004). Accordingly, the ALJ's decision will be affirmed and the petition will be dismissed.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and the petition for review is **DISMISSED**.

DATED: November 2, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge